REUBEN SMITH *vs.* WILLIAM PROVIN & another.

A mortgage of land which is subject to a right of homestead conveys the reversionary interest of the mortgagor, after the expiration of the homestead estate, although his wife did not join therein.

The mortgagee of a reversionary interest in land may maintain a bill in equity to redeem a prior mortgage.

No title passes by a sale under a power of sale contained in a mortgage, unless the conditions thereof are strictly complied with.

BILL IN EQUITY to redeem land from a mortgage.

At the hearing in this court, before *Dewey*, J., by whom the case was reported for the determination of the whole court, it appeared that on the 13th of March 1856, Charles A. Young, who then owned the premises, which were subject to a right of homestead in him and his family, executed a mortgage thereof, jointly with his wife, to Edward B. Gillett, containing a power of sale authorizing Gillett, in case of default in performance of the condition, to sell the premises ; but providing that he should make affidavit of his proceedings under the power, and that the affidavit should be so made and recorded in the registry of deeds for the county of Hampden within one year after the sale. Under this power, Gillett sold the premises on the 23d of April 1859 to William Provin, and made an affidavit of his proceedings on the 21st of April 1862, which was recorded on the following day. On the 2d of April 1858, Young executed a mortgage of the premises to the plaintiff, in which his wife did not join.

Various other facts were stated in the report of the case, respecting the sale, and other deeds of the premises, all of which became immaterial in the final decision of the case.

*W. G. Bates & N. T. Leonard*, for the plaintiff.

*H. B. Stevens*, for the defendants.

DEWEY, J. The decisions of this court upon the character of the homestead title, in cases recently before us, have relieved this case from some of the objections which were urged against

its maintenance, and render the disposition of it free from difficulty. In this remark, we have particular reference to the effect of the deed of mortgage made by Charles A. Young to Reuben Smith, bearing date April 2, 1858. It was urged against the validity of this deed that it was a conveyance of real estate in which there was a homestead right, and that the deed, not being a conveyance in which the wife joined and released her right, was a nullity. This broad proposition was answered by *St.* 1857, *c.* 298, which would in ordinary cases secure to a mortgagee taking a deed from the husband alone all the surplus, after setting off a homestead for himself and wife and children, to be enjoyed strictly under the provisions of the statute. But the further objection here taken was, that there was no surplus upon which the deed to Smith could operate, the homestead right being to the amount of eight hundred dollars in value of real estate, and the evidence in the case showing that the value of the whole real estate did not exceed that sum.

If it were true that the homestead right would apparently exhaust the entire value of the property as estimated by others, yet it would seem quite reasonable that a mortgagee might be his own judge of values, and decide for himself the question whether it was for his interest to redeem an outstanding mortgage, inasmuch as such redemption could in no way operate to the prejudice of the parties interested in the homestead right.

But the better answer in the present case is, that the homestead right is not a fee simple estate in the premises set off as a homestead. It is only an estate in the premises to be held while the husband is a householder, and " after his death for the benefit of his widow and children, some one of them continuing to occupy such homestead, until the youngest child be twenty-one years of age, and until the death or subsequent marriage of the widow." *St.* 1857, *c.* 298, § 2. It is precisely this limited estate which was exempted as a homestead, and which was forbidden to be conveyed by the husband, unless the wife should join in the conveyance.

There was therefore a reversionary interest which Young might legally convey in mortgage to the plaintiff. He having

done so by his deed of April 2, 1858, the plaintiff thereby acquired a right as mortgagee therein, subject of course to the prior mortgages on the estate. The subsequent deed of October 13, 1860, in which Young also released to him all his right in equity of redeeming the estate, is perhaps immaterial to the question before us, as without it the plaintiff sufficiently establishes his relation as mortgagee of the remaining interest of Young in the premises sought to be redeemed.

The further question is, whether any right in equity to redeem Gillett's mortgage existed at the time of filing this bill.

That depends upon the question whether the mortgage to Gillett had been foreclosed, and the right of redemption barred by a power of sale contained in that mortgage, and the proceedings under the same, by a public sale, and a deed by Gillett to William Provin, the other defendant.

The mortgage to Gillett was dated March 13, 1856, and contained a power of sale, in case of the default of payment of a certain sum of money therein named. Such power of sale may be annexed to a mortgage, and a sale made in strict conformity to its provisions will bar the equity of redemption and convey a good title to the purchaser. It is by force of this power of attorney and proceedings under it that the defendant Provin claims an indefeasible title in the premises now sought to be redeemed. The allegation on the part of the plaintiff is, that the conditions annexed to the power of sale have not been complied with. The defect particularly assigned is, that the affidavit required to be made by the party making such sale, and containing a statement of a compliance with the requirements of the deed in that behalf, was not made and recorded in the registry of deeds for the county of Hampden within one year after the sale. It is admitted by the answer of the defendants that no such affidavit had been made and filed for record in the registry of deeds prior to April 21, 1862, nearly three years after the sale, and long after the filing of the present bill. There was, therefore, a failure to comply with the conditions annexed to the power of sale, and the sale must be treated as a nullity. This court has held the rule very strictly as to

mortgage sales under power of attorney.  *Roarty* v. *Mitchell,* 7 Gray, 244.

It was suggested that at the date of the mortgage and power of sale no legal authority existed requiring the register of deeds to record affidavits of sales under a power of sale contained in a mortgage.  It is immaterial now to consider how far that would have excused the performance of that condition, inasmuch as ample provision in that respect was made by *St.* 1857, *c.* 229, which was in force when this sale was made.  The result is, therefore, that the right in equity to redeem the mortgage to Gillett has not been barred, and the plaintiff, holding that equity, may properly assert his right to redeem the same.

This result renders it unnecessary to consider the other grounds relied upon by the plaintiff as affecting the validity of the sale.  It also avoids any further inquiry as to the right of the plaintiff in this bill to claim against the defendants the payment of the surplus arising from the alleged sale, after discharging Gillett's mortgage, supposing the sale to have been a valid one.  Nor is it necessary to decide as to the effect of the deed from Young and his wife, and the authority from them to the plaintiff to receive such surplus money, and whether it could avail in this bill, said authority having been given since the filing of this bill, and introduced into the case by a supplemental bill.

In the view we have taken of the case, the right of the plaintiff is well maintained, as the holder of the equity of redemption of the mortgage to Gillett; and the plaintiff may be allowed to redeem the mortgaged premises upon paying such amount as shall be due on the mortgage, or he may be found liable to pay on account thereof.                         *Decree for plaintiff.*